UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNOR ALBERT DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>CDCR et al.,<br><br>    Respondent. | No. 2:14-cv-2737 DAD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a county jail inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## BACKGROUND

Petitioner commenced this action by filing a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is difficult to decipher, but it is apparent from the allegations contained therein that petitioner does not seek to challenge an underlying state court conviction and sentence.  Instead, petitioner complains in his petition about various conditions of his confinement at the Colusa County Jail, such as the jail's lavatory conditions, canteen prices, and the medical care provided.  (Pet. at 3 & Attach.)

## ANALYSIS

The court will recommend that the instant habeas petition be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief.  Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration.  Instead, he apparently seeks to challenge the conditions of his confinement.  Since this court can discern no manner in which petitioner could cure the defects in the allegations of his petition seeking federal habeas relief, the court will recommend that the pending petition be summarily dismissed without prejudice to petitioner's filing a civil rights action.[1]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

---

[1] A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice to petitioner's filing of a civil rights action pursuant to 42 U.S.C. § 1983; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 23, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
davi2737.156

3